**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

SHEILA K. NICHOLSON                                                                                     PLAINTIFF

V.                                              4:05CV00517 JMM/JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration[1]                                                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge James M. Moody. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**DISPOSITION**

Pending before the Court[2] is Plaintiff's Request for Attorney Fees and Costs Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, along with a Brief in Support. (Docket entries #11 and #12.) Defendant has filed a Response (docket entry #13), and the matter has been referred to this Court for resolution (docket entry #14). For the reasons set forth herein, the Court

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P 25(d)(1).

[2] The Honorable James M. Moody referred Plaintiff's Motion to this Court for disposition. (Docket entry #14.)

recommends that the Motion be granted, as modified.

On March 25, 2005, Plaintiff filed this action challenging the decision of an Administrative Law Judge ("ALJ") denying her social security benefits (docket entry #2). On September 1, 2006, the Court entered an Order and Judgment (docket entries # 9 and #10) that remanded this case to the ALJ for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

On November 14, 2006, Plaintiff's attorney, Laura J. McKinnon, filed a Request for Attorney Fees and Costs under the EAJA. In this Request, Ms. McKinnon seeks payment for work performed by her in the amount of $4,467.80.[3] (Docket entry #11.) In Defendant's Response (docket entry #13), she objects to the following 5 hours of requested time, which Defendant argues is "excessive" under the EAJA because it reflects "administrative work," performed prior to the filing of this lawsuit[4]:

> **02/12/2005**   Receipt and review of AC denial dated 01/26/2006; review of initial points of AC order and parts of unfavorable decision, statistics, case notes as to client preference and status as to second appeal; complete review, then merge and edit thorough letter to the client regarding her appeal and option rights..........................................................................................................1.00
> **02/14/2005**   Phone contact with client regarding possibility of in forma pauperis; computer notation and instructions to paralegal....................................................0.50
> **02/23/2005**   LJM re-read ALJ unfavorable decision and memorandum; 3x jobs per VE; one w/o numerosity; possible obesity due to discussion regarding failure to lose weight which improper under the SSR prefaces; second application and refusal to reopen; psychological CE with IQ of 82 and positive MMPI findings but problems from examining source as to adaptive functioning. Instructions to medical paralegal

---

[3]The total request reflects 28.50 hours of attorney work at $146 an hour ($4,095.30), 1.5 hours of paralegal time at $50.00 an hour ($75.00), and $297.50 in costs. (Docket entry #11, Ex. C.)

[4]Defendant does *not* argue that: (1) the requested $146.00 hourly rate is excessive; or (2) that Plaintiff's attorney has already been paid for the contested time in any attorneys' fee award for the work she performed while this case was pending before the Commission.

    to email the CE for review; inconclusive at this point tonight. Received faxed CE from paralegal later this morning, review and possible appeal problems...............1.00
**02/27/2005**    LJM reviewed and noted problems with client contact and follow up as to the IFP. SSI should indicate IFP eligibility unless change in finances; email. Review of deadlines and authority as to filing complaint......................................0.50
**02/28/2005**    Phone conference with paralegal and message with client again regarding IFP eligibility.......................................................................................0.25
**02/28/2005**    Second letter to client regarding appeal options, this time referencing the filing fee and reiterating the time deadlines and that time of the essence; asking for law firm contact and live appointment. Computer case notes and review of previous............................................................................................................0.50
**03/01/2006**    Client drop-in at office; discussion of case; delay on the IFP. Will come by for follow up as to IFP. File review and staff email................................0.25
**03/13/2005**    Final LJM review as to taking case to federal and deadline in ten days. Client has not reapplied. Viable issue is significant numbers, 4th grade education but DOT GED level of 2 is grades 4-6 per the internet research this afternoon. UFD states high school education instead of the tested levels. Education levels were 4th/4th/4th and IQ was 88/78/82. GAF was close to 55. Some goods and 9x fairs. Exertional level was below sedentary. Various points but additional will depend on the medical evidence in the transcript and TS vs. NXA vs. XS issues. Assignments to paralegal........................................................................................................1.00

(Docket entry #11, Ex. C.)

    The EAJA provides that a district court has authority to award fees and other expenses to the prevailing party "in a civil action." 28 U.S.C. § 2412(d)(1)(A). The requested items must be "reasonable," *see* 28 U.S.C. § 2412(d)(2)(A), and the Court has a duty to make an independent evaluation of the reasonableness of counsel's requested award. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Respondent is correct that, generally, an EAJA award does not extend to attorney's fees or expenses incurred at the administrative level. *See Sullivan v. Hudson*, 490 U.S. 877, 897-99 (1989); *Cornella v. Schweiker*, 728 F.3d 978, 988-89 (8th Cir. 1984). However, it has been the general practice in the Eastern District of Arkansas to construe time spent reviewing the final administrative decision and file, in preparation for filing a civil action in federal court, as an "integral part of the civil action for review." *See Southwell v. Apfel*, E.D. Ark. No. 3:97CV00276 JWC at

docket entry #29. This is consistent with the view taken in other districts. *See, e.g., Forest Conservation Council v. Devlin*, 994 F.2d 709, 712 n. 2 (9th Cir.1993) ("Some of the services performed before a lawsuit is formally commenced by the filing of the complaint are performed on the litigation and are, therefore, compensable") (internal citation and quotation marks omitted); *Gough v. Apfel*, 133 F. Supp.2d 878, 880 (W.D.Va.2001) ("The EAJA does not prohibit compensation for time expended in preparation for the filing of a civil action. The court recognizes the duty of counsel to familiarize himself with the case before going forward with the same").

The Court disagrees with Defendant that all of counsel's time spent prior to initiating this federal action is necessarily excessive as "work performed on administrative matters prior to the filing of suit." Under the circumstances of this case, some time expended in reviewing the administrative decision and file in preparation for filing this action may be reasonably said to be a necessary and integral part of this case. With that said, the requested award may be reduced for hours "that are excessive, redundant, or otherwise unnecessary[.]" *See Hensley*, 461 U.S. at 434.

The contested five hours of pre-complaint activity represents a relatively large proportion of the total time requested, almost one-fifth of the 28.05 hours. Moreover, a number of counsel's pre-complaint time entries appear to be either excessive or redundant in light of her: (1) subsequent time entries specifically related to the preparation of Plaintiff's Appeal Brief; and (2) extensive experience in handling Social Security cases. In particular, the Court notes two separate half-hour time entries on February 14 and 27 concerning contact with Plaintiff regarding her IFP eligibility, and two separate one-hour entries on February 23 and March 13 that duplicate later work done in preparing the Appeal Brief. The Court recommends reducing these entries to the following amounts: (1) February 14, 2005: from .50 to .20; (2) February 23, 2005: from 1.00 to .20; (3) February 27, 2005:

from .50 to .10; and (4) March 13, 2005: from 1.00 to .20.  These reductions would bring counsel's total award of fees and expenses under the EAJA to $4,132.00.

IT IS THEREFORE RECOMMENDED that Plaintiff's Request for Attorney Fees and Costs under the EAJA (docket entry #11) be GRANTED, AS MODIFIED.

IT IS FURTHER RECOMMENDED that the Commissioner certify and pay to Laura J. McKinnon, attorney for Plaintiff, $4,132.00 as attorney's fees and expenses, pursuant to the EAJA.

DATED this 23rd day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE